[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14891
Non-Argument Calendar

_____

Agency No. A099-983-129

ANNE MARTHE LUMA,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 8, 2009)

Before EDMONDSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Anne Marthe Luma, a native and citizen of Haiti, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") decision denying withholding of removal.[1] No reversible error has been shown; we deny the petition.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review de novo legal determinations of the BIA. Id. A factual determination that an alien is unentitled to relief "must be upheld if it is supported by substantial evidence." Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien seeking withholding of removal must show that her life or freedom

---

[1]The decision also denied asylum and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. But on appeal, Luma offers no arguments on these claims; and thus, they are abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons an issue by failing to offer argument on that issue).

would be threatened because of a protected ground, such as political opinion or membership in a particular social group. See 8 U.S.C. § 1231(b)(3)(A). Therefore, an alien bears the burden of demonstrating that she more-likely-than-not would be persecuted or tortured upon return to her country of nationality. Mendoza, 327 F.3d at 1287. The alien may satisfy this burden by showing past persecution on account of a protected ground.[2] Id. An alien who has not shown past persecution still may be entitled to withholding of removal if she can demonstrate a future threat to her life or freedom on a protected ground. Id.; see also 8 C.F.R. § 208.16(b)(2).

Luma based her claim for relief on the 1991 kidnaping of her husband. She alleged that he was taken from their home by masked and armed men who were dressed in military attire. One of her sons tried to stop the kidnaping, but he was beaten and threatened with death by the perpetrators. Luma and her children searched for her husband, but began receiving threatening phone calls and letters to stop looking for him. For a few years after her husband's disappearance, Luma lived in hiding. In 1996, Luma's children decided to send her to the United States

---

[2] If the alien establishes past persecution in her country based on a protected ground, it is presumed that her life or freedom would be threatened upon return to that country unless the government shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the alien's life or freedom no longer would be threatened; or (2) it would be reasonable for the alien to relocate to another part of the country. Id.

because of her age and certain illnesses.

Luma also alleged that -- since she had left Haiti -- her son-in-law's family had been targeted by the Fanmi Lavalas Party (FL) over a land dispute with her son-in-law's brother. The brother had run for office against the FL in 2000; and the FL accused the brother of using illegally obtained proceeds to purchase land. Because of this dispute, her daughter and son-in-law were in hiding.

The IJ determined that the incidents alleged by Luma were not connected to a protected ground and denied relief. The BIA agreed that Luma was unentitled to withholding of removal because she failed to tie the alleged incidents to a protected ground. The BIA also noted that any future threat of persecution was undercut because her family remained unharmed in Haiti.

On appeal, Luma argues that she demonstrated that she suffered past persecution in Haiti and that she faced a future threat of persecution if she returned because of her membership in her family and imputed political opinion.[3] After review, we conclude that the evidence does not compel the conclusion that Luma was entitled to withholding of removal. While Luma asserts that her husband's kidnaping and the later threats she and her children received while searching for

---

[3]Luma asserts that the BIA adopted the IJ's decision; and she chiefly focuses on the IJ's alleged errors. However, the BIA issued its own opinion and did not adopt expressly the IJ's decision. Thus, we consider Luma's arguments only to the extent they challenge the BIA's determinations. See Al Najjar, 257 F.3d at 1284.

him constituted past persecution, she fails to connect these incidents to a protected ground. Nothing evidences why Luma's husband was kidnaped; and Luma admitted that her husband belonged to no political or social organization and that she did not know why her family was persecuted. Without such a connection, Luma cannot demonstrate that she is entitled to withholding of removal based on past persecution.[4]

Luma similarly fails to demonstrate a connection between a protected ground and a future threat to her life or freedom if she returns to Haiti. The land dispute between her son-in-law's brother and the FL involves a private matter. Even if some political motive did prompt the FL to target her son-in-law's family, Luma was not in Haiti when her son-in-law's family allegedly was targeted, she has been absent from the country for many years, and she admitted that she belonged to no political party which would cause her to be targeted personally. See Sepulveda, 401 F.3d at 1231 ("The applicant must . . . establish a causal connection between the [statutory factor] and the feared persecution, presenting specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of such [a factor].") (internal quotation omitted). In addition, Luma's children remain in Haiti unharmed. See Ruiz v. U.S. Attorney

---

[4]Because Luma did not demonstrate that the incidents occurred because of a protected ground, it is unnecessary for us to determine if the incidents rose to the level of past persecution.

Gen., 440 F.3d 1247, 1259 (11th Cir. 2006) (indicating that a claim of well-founded fear is undercut when the alien has family living in her native country without incident). Therefore, we deny the petition for review.

PETITION DENIED.